**ROSEN ✦ SABA, LLP**
RYAN D. SABA, ESQ. (State Bar No. 192370)
rsaba@rosensaba.com
MICHAEL FORMAN, ESQ. (State Bar No. 260224)
mforman@rosensaba.com
2301 Rosecrans Avenue, Suite 3180
El Segundo, CA 90245
Telephone:   (310) 285-1727
Facsimile:   (310) 285-1728

Attorneys for Plaintiff,
ROSA RECOVERY, LLC

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROSA RECOVERY, LLC, a California limited liability company;<br><br>*Plaintiff,*<br><br>vs.<br><br>PHUNWARE, INC., a Delaware corporation; and DOES 1-10;<br><br>*Defendants*. | Case No.:<br><br>**COMPLAINT FOR DAMAGES**<br><br>1. **Breach of Contract**<br>2. **Common Count: Open Book Account**<br>3. **Common Count: Account Stated**<br>4. **Common Count: Services Had and Provided**<br>5. **Quantum Meruit**<br><br>**DEMAND FOR TRIAL BY JURY** |



**TO THIS HONORABLE COURT AND ALL INTERESTED PARTIES:**

COMES NOW Plaintiff ROSA RECOVERY, LLC alleges causes of action against Defendants PHUNWARE INC. and DOES 1 through 10, inclusive (collectively "Defendants") for monetary relief as follows:

## INTRODUCTION

1. This is an action for money damages brought by Plaintiff Rosa Recovery, LLC to recover money owed to it by Defendant Phunware, Inc. for legal services rendered in connection with legal representation for the matter of *Phunware, Inc. v. Uber Technologies, et al.*, San Francisco Superior Court case no. CGC-17-561546 ("Uber Litigation"). Defendants have refused to pay the sum of at least $112,074.00, plus interest, for legal services rendered by the law firm of Rosen Saba, LLP in the Uber Litigation. Rosen Saba, LLP assigned its claims to Plaintiff. Jurisdiction is based upon diversity.

## THE PARTIES

2. Plaintiff ROSA RECOVERY, LLC is a California limited liability company with its principal place of business in Los Angeles, California ("Plaintiff").

3. Defendant PHUNWARE, INC. is a Delaware corporation with its principal place of business in Austin, Texas ("Phunware"). Phunware is a company engaged in the business of internet advertising.

## JURISDICTION AND VENUE

4. This Court has jurisdiction over the subject matter of this action because there is complete diversity of citizenship between the parties pursuant to 28 U.S.C. §1332(a). Plaintiff Rosa Recovery, LLC is a California limited liability company with its principal place of business in Los Angeles, California. Defendant Phunware is a Delaware corporation with its principal place of business in Austin, Texas. The



amount in controversy exceeds the sum of $75,000, exclusive of interest and costs, as the Complaint alleges that Plaintiff is owed at least $112,074.00 by Defendants.

5. This Court has personal jurisdiction over all Defendants because they conducted business and committed wrongful acts and/or directed wrongful acts toward and/or that were committed in California giving rise to this Complaint, causing injury in California. The exercise of personal jurisdiction over Defendants is reasonable and proper because, at the time pertinent to these allegations, Defendants transacted business and derived substantial revenue from services rendered in the State of California. Defendants also filed a legal action in California Superior Court that give rise to the claims in this Complaint and entered into a written contract in California that gave rise to this Complaint.

6. Venue is proper in this District because a substantial part of the events or omissions giving rise to this Complaint occurred, and a substantial part of property that is the subject of the action is situated in this District. Further, all of the unpaid work was performed in Los Angeles County, California.

## FACTUAL ALLEGATIONS

7. On or about September 26, 2017, Phunware filed the Uber Litigation complaint in San Francisco Superior Court for breach of contract, alleging that Uber failed to pay Phunware's bills for an internet advertising campaign it conducted for Uber.

8. In November 2017, Uber counter-sued Phunware, alleging fraud. After the demurrer stage, the remaining four causes of action against Phunware in Uber's Cross-Complaint were fraudulent concealment; conspiracy to commit fraud; negligence; and unfair competition (Business and Professions Code §17200).

9. In May 2019, Phunware changed its legal counsel and retained the Hansen Law Firm, P.C.



10. On May 17, 2019, Uber sent a letter to various third-party defendants that threatened litigation. On June 25, 2019, the third-party defendants retained the law firm of Rosen Saba, LLP to defend them, pursuant to a written attorney-client retainer agreement.

11. On July 12, 2019, Uber filed a First Amended Cross-Complaint that added four new individual defendants who were employed by Phunware during the relevant time period. The individual defendants were Phunware's Chief Executive Officer and three former employees of Phunware ("third-party defendants"). Uber's First Amended Cross-Complaint alleged claims for RICO; conspiracy to violate RICO; and conspiracy to commit fraud against the individual defendants, in addition to all the other claims previously asserted against Phunware. Phunware and Phunware's CEO were represented by the Hansen Law Firm.

12. On or about October 24, 2019, Phunware, Phunware's CEO, and the third-party defendants entered into the Confidential Joint Defense/Common Interest Agreement and Agreement to Defend and Indemnify ("Agreement"). The Agreement was also signed by the Hansen Law Firm as attorney for Phunware and Phunware's CEO, as well as by Rosen Saba, LLP as counsel for the third-party defendants.

13. The terms of the Agreement required Phunware to pay for defense of the third-party defendants, including attorney's fees and costs. The Agreement states in pertinent part: "Phunware, Inc. agrees to provide for the defense of the [third-party defendants] in the Uber Dispute by paying their attorney's fees and all reasonable costs necessary to defend the Uber Dispute incurred through the law firm Rosen Saba, LLP."

14. Regarding the payment of attorney's fees, the Agreement states: "Rosen Saba, LLP will charge reduced hourly rates to Phunware, Inc. so long as payment is received within 60 days from the date of submission of each invoice… The invoices of Rosen Saba, LLP will be sent to the Hansen Law Firm, P.C. for review and approval before submission to Phunware, Inc. for payment. Time will be billed in

1/10 of an hour increments.  Phunware will be responsible to pay for past and future time and costs incurred by Rosen Saba, LLP."

15. Regarding the payment of costs, the Agreement states: "Phunware will also reimburse Rosen Saba, LLP for reasonable costs incurred in the defense of the Uber Dispute."

16. On or about October 9, 2020, Uber Litigation was resolved.  The defendants were dismissed in November 2020.

17. As of December 31, 2020, Phunware owed $418,662.65.  Demand for payment for Phunware's unpaid legal bills was made.

18. Phunware made periodic payments in 2021.  However, by June 2021, Phunware still owed $200,000 for its unpaid legal bills. Phunware then stopped making payments for the outstanding debt.

19. As of the date of the filing of this Complaint, Phunware has refused and continues to refuse to make payment for its unpaid legal bills.

## FIRST CAUSE OF ACTION
### Breach of Contract
### (Plaintiff against all Defendants)

20. Plaintiff refers to and incorporates paragraphs 1 through 19 as though fully set forth herein.

21. In accordance with the terms and conditions of the Agreement, Phunware was required to pay legal invoices for services and costs for the defense of the third-party defendants.

22. All of the conditions, covenants, and promises under the Agreement were performed by Rosen Saba, LLP.

23. The principal amount of at least $112,074.00, exclusive of interest, remains unpaid.  Demand for payment was made to Defendants to perform upon the



terms and conditions of the Agreement, and for payment for its services, but Defendants have refused and failed to make payment.

24. As a direct result of Defendants' breach of contract, Plaintiff has suffered damages in the amount of at least $112,074.00, plus interest. Defendants' breach of the Agreement was a substantial factor in causing harm to Plaintiff.

25. Plaintiff is entitled to interest in an amount to be proven at the time of trial.

## SECOND CAUSE OF ACTION

### Common Count: Open Book Account and Account Stated

### (Plaintiff against all Defendants)

26. Plaintiff refers to and incorporates paragraphs 1 through 19 as though fully set forth herein.

27. There was an open book account in which financial transactions between the parties were recorded in the regular course of business, and Defendants owe Plaintiff money on the account. Defendants became indebted to Plaintiff for total money due and owing in the amount of at least $112,074.00 on said open book account for services and costs provided to Defendants, at Defendants' request, and for Defendant's use, and therefore, leaving due and owing from Defendants to the Plaintiff on said account the sum of at least $112,074.00.

28. Plaintiff is entitled to interest in an amount to be proven at the time of trial.

## THIRD CAUSE OF ACTION

### Common Count: Account Stated

### (Plaintiff against all Defendants)

29. Plaintiff refers to and incorporates paragraphs 1 through 19 as though fully set forth herein.



30. Defendants owe Plaintiff money on an account stated. Defendants became indebted to Plaintiff for total money due and owing in the amount of at least $112,074.00 for services and costs provided to Defendants, at Defendants' request, and for Defendant's use, and therefore, leaving due and owing from Defendants to the Plaintiff on said account the sum of at least $112,074.00. Defendants do not dispute that the amount Plaintiff claims to be due from Defendants correctly reflects services and costs actually provided.

31. Plaintiff is entitled to interest in an amount to be proven at the time of trial.

## FOURTH CAUSE OF ACTION

### Common Count: Services Had and Provided

### (Plaintiff against all Defendants)

32. Plaintiff refers to and incorporates paragraphs 1 through 19 as though fully set forth herein.

33. In 2020 and 2021, services were provided to Defendants by providing legal services and representation.

34. Despite services being provided, and despite Plaintiff's demand on Defendants for payment, Defendants have failed and refused to make payment.

35. As a direct and proximate result of Defendants' failure to pay for the services provided, and despite Plaintiff's demand therefor, there still currently remains due and owing the amount of at least $112,074.00.

36. Plaintiff is entitled to interest in an amount to be proven at the time of trial.

///
///
///
///



6
COMPLAINT FOR DAMAGES

## FIFTH CAUSE OF ACTION

### Quantum Meruit

### (Plaintiff against all Defendants)

37. Plaintiff refers to and incorporates paragraphs 1 through 19 as though fully set forth herein.

38. Services were performed for Defendants at Defendants' request and pursuant to the Agreement with Defendants for which full compensation was not paid. Plaintiff is entitled to the reasonable value of its services and costs associated with the representation of Defendants.

## DEMAND FOR JURY TRIAL

39. Plaintiff demands a trial by jury.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Rosa Recovery, LLC prays for judgment against Defendants Phunware and DOES 1 through 10 as follows:

1. For the monetary value of the services and costs provided to the Defendant in the amount of at least $112,074.00;
2. For interest at the legal rate of ten percent (10%) per annum;
3. Cost incurred; and
4. For such other and further relief as the Court may deem necessary and proper.

DATED: April 29, 2022

ROSEN ✦ SABA, LLP

By: _____
RYAN D. SABA, ESQ.
MICHAEL FORMAN, ESQ.
Attorneys for Plaintiff,
ROSA RECOVERY, LLC